# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01355-LTB

SUN CONSTRUCTION COMPANY, INC., a Colorado corporation,

      Plaintiff,

v.

TORIX GENERAL CONTRACTORS, LLC, a Colorado limited liability company f/k/a Alliance General Contractors, LLC;
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation; and
ST. ANDREWS/ALLIANCE JOINT VENTURE, a joint venture,

      Defendants.

___

## ORDER
___

This case is before me on proposed intervenor, Fidelity and Deposit Company of Maryland's ("Fidelity"), Motion to Intervene Pursuant to F.R.C.P. 24 **[Docket # 3]**, Defendants, St. Andrews/Alliance Joint Venture's ("Joint Venture"), Response **[Docket # 6]**, Torix General Contractors, LLC's ("Torix") and Travelers Casualty and Surety Company of America's Joinder **[Docket ## 7, 8]**, and Fidelity's Reply **[Docket # 11]**. Oral arguments would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Fidelity's motion **[Docket # 3]**.

## I. BACKGROUND

The determinative facts do not appear to be disputed. The Joint Venture entered into a written contract with the National Institute of Standards and Technology to furnish all necessary labor, materials, and equipment, and to perform all work required for the digging of an

underground tunnel ("the project"). Plaintiff, Sun Construction Company, Inc. ("Sun"), acted as a subcontractor for the project. Pursuant to an August 2005 contract, Sun agreed to perform demolition, excavation, backfill, clearing, and grading services, among others. The project experienced delays that increased Sun's costs. In April 2006, Sun and the Joint Venture renegotiated the subcontract. More delays ensued and Sun's costs increased. The scope of the subcontract changed such that Sun was required to rent trench boxes from Trench Service Systems ("TSS")—an expense that was not anticipated.

The Joint Venture failed to reimburse Sun for the trench box rentals. Sun failed to pay TSS. TSS filed a payment bond claim with Sun's surety, Fidelity. Fidelity paid TSS pursuant to the terms of Sun's payment bond. Sun has not reimbursed Fidelity for these payments although it is required to do so under the bond terms.

Sun filed the present suit against the Joint Venture and Torix to recover its additional costs arising from delay and changes in the scope of the project **[Docket # 1]**. Sun claims the Joint Venture breached its contract by failing to pay Sun for the work it performed. A portion of the amount unpaid includes the amount Fidelity paid TSS for the trench box rentals.

Fidelity now seeks to intervene as of right pursuant to FED. R. CIV. P. 24(a) in order to protect its interest in the amounts it has already paid TSS and to have this Court discharge Sun from certain obligations under the subcontract, thereby discharging Fidelity's future bond obligations. Fidelity claims failure to allow it to intervene will impair and impede its ability to protect its interests and that these interests are not adequately protected by Sun in the current litigation.

Fidelity does not seek permissive intervention under FED. R. CIV. P. 24(b), so I need not

address the contours of that rule. However, as Fidelity is entitled to intervention of right, it is likewise entitled to permissive intervention. *See Nat'l Farm Lines v. I.C.C.*, 564 F.2d 381, 384 (10th Cir. 1977).

## II. INTERVENTION OF RIGHT UNDER RULE 24(a)

Rule 24(a) allows intervention of right when authorized by statute—which does not apply here—or when (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may, as a practical matter, be impaired or impeded by the outcome of the action; and (4) the applicant's interest is not adequately represented by existing parties. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002). The Tenth Circuit liberally allows intervention so as to involve as many apparently concerned parties as possible—taking into consideration efficiency and due process. *See id*. The first prong of this analysis is not disputed.

### 1. Fidelity's impaired interest

I construe the "interest" and "impairment" analysis together rather than discretely. *See San Juan County, Utah v. United States*, 503 F.3d 1163, No. 04-4260, 2007 WL 2838968, at *29 (10th Cir. Oct. 2, 2007). "For example, a lesser showing of impairment may be required by the court if the applicant's interest is very strong. Likewise, intervention of right may be granted if the applicant's claimed interest may be significantly impaired by the action, even if some uncertainty exists regarding the sufficiency of that interest." *Id*. Although some courts require a showing that the interest be "direct, substantial, and legally protectable," that construction of Rule 24 was recently rejected by the Tenth Circuit in favor of an inquiry into the practical effect of the litigation on a prospective intervenor. *Id*. at *22.

3

The purpose of allowing intervention is to increase the likelihood that the party whose interest the intervenor seeks to support will be victorious—thus protecting the threatened interest. *San Juan County*, *supra*, at *34. The impairment or impediment on the prospective intervenor need not be direct so long as some practical consequence is foreseeable. *Id*. at *32, *37 ("Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation.") (citing *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995)).

Fidelity's economic interest in this litigation is clearly sufficient to allow intervention of right. *See Utahns*, *supra*, 295 F.3d at 1115 ("The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest."). Fidelity is Sun's surety and—by virtue of this relationship—has the right to any amount awarded Sun to the extent such award covers Fidelity's bond expenditures. Should Sun fail to recover an amount from the Joint Venture that meets or exceeds the amount Fidelity paid TSS, Fidelity would be required to initiate suit against Sun, the Joint Venture, or both, to collect the remaining sum. This interest in ensuring the Joint Venture fulfills its contractual obligations to both Sun and Fidelity is sufficient to allow intervention of right. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001) ("The interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is *related to the property that is the subject of the action*."); *Kelley v. Summers*, 210 F.2d 665, 673 (10th Cir. 1954) (holding an insurance company that is subrogated to the rights of a party has a sufficient interest in the subject matter of the litigation to intervene as a matter of right).

Moreover, as the assignee of Sun's right to collect payment for the trench box rentals,

Fidelity's claims are against the Joint Venture and Torix directly. Should Sun lose its claims on the merits or fail to collect the full amount Fidelity paid on its behalf, Fidelity may be barred by collateral estoppel and *res judicata* from asserting these claims in a subsequent suit against the defendants—even though the Joint Venture and Torix are contractually obligated to pay these amounts to Fidelity. *See generally Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978–79 (10th Cir. 1995). Accordingly, the outcome of this litigation, may, as a practical matter, impair or impede Fidelity's interest. *See San Juan County*, *supra*, at *37.

### 2. Adequate representation

Although Fidelity satisfies the first three requirements of Rule 24(a), I must nonetheless deny intervention of right if Fidelity's interest is adequately represented by Sun. An applicant for intervention as a matter of right bears the burden of showing inadequate representation, but that burden is minimal and requires only a showing that representation "may" be inadequate. *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972)).

The Tenth Circuit generally presumes representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties. *San Juan*, *supra*, at *39 (citing *City of Stilwell v. Ozarks Rural Elect. Co-op. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996)). When the intervenor's interests are similar—but not identical—to those of party, however, intervention should generally be allowed unless it is clear that the party will provide adequate representation for the absent intervenor. *See* 7C WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1909 ("[A]ll reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that the

5

absentee may be heard in his own behalf.").

Here, Fidelity and Sun have differing and competing interests. Sun has an interest in maintaining the subcontract's validity—and with it Fidelity's exposure as Sun's surety. Fidelity, on the other hand, has an interest in seeing Sun's further obligations under the subcontract discharged—at least to the extent necessary to limit Fidelity's exposure as Sun's surety. Sun has no actual or implied authority to seek the discharge of Fidelity's obligations in this regard. Absent intervention, there is no way to ensure—and, in light of its contrary interest in maintaining the subcontract, it seems quite unlikely—Sun will protect Fidelity's interests in this regard. *See Merritt Commercial Sav. & Loan, Inc. v. Guinee*, 766 F.2d 850, 855 (4th Cir. 1985) (holding that, absent intervention, a surety would be impaired or impeded in its ability to protect its right to negotiate a settlement that would reduce its obligations under the surety agreement).

Sun and Fidelity also seek reimbursement from the same source, the Joint Venture. When an intervenor and a party both have an interest in the same limited source of funds, this sufficiently shows competing interests such that intervention of right should be allowed. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366–67 (3d Cir. 1995) (discussing cases). Fidelity easily meets its "minimal burden" of showing there is a possibility its interests will not be adequately represented by Sun in this litigation. *See Utah Ass'n of Counties*, *supra*, 255 F.3d at 1254.

### III. CONCLUSION

Accordingly, Fidelity and Deposit Company of Maryland's Motion to Intervene Pursuant to F.R.C.P. 24 **[Docket # 3]** is GRANTED. Fidelity and Deposit Company of Maryland's

Proposed Complaint and Petition of Rights [**Docket # 3-2**] and Corporate Disclosure Statement [**Docket # 3-3**] are ACCEPTED as filed.

Dated: November   26  , 2007.

BY THE COURT:

   s/Lewis T. Babcock   
Lewis T. Babcock, Judge