**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 07-cv-01355-LTB-MJW

UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SUN CONSTRUCTION COMPANY, INC., a Colorado corporation;

Plaintiff,

and

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

Intervenor Plaintiff,

v.

TORIX GENERAL CONTRACTORS, LLC, a Colorado limited liability company f/k/a Alliance General Contractors, LLC, and ST. ANDREWS/ALLIANCE JOINT VENTURE, a joint venture,

       Defendants and Counterclaimants

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,
       Defendants.

___

### ORDER
___

This case is before me on Defendants' Fed. R. Civ. P. 50(b) Renewed Motion for Judgment as a Matter of Law (Doc 259). The motion is fully briefed and oral argument will not materially assist in resolving the motion. For the reasons set forth in this Order, the motion will be denied.

The motion is based on the Defendants' reliance on the Colorado Court of Appeals decision in *City of Westminster v. Centrix-Jones*, 100 P.3d 472 (Colo. App. 2003).  That case was brought to the attention of the Court for the first time at the Defendants' Rule 50(b) motion following the conclusion of the Plaintiffs' case in chief.  The Defendants argued then and reassert now that the State of Colorado has adopted what is known as the "total cost" theory for recovery in a construction case such as this Miller Act case.

As the Court of Appeals in *City of Westminster* noted:

> "Some jurisdictions employ a four-part test under which the trial court must initially determine whether total cost is an appropriate measure of damages: (1) proving actual losses directly as impractical; (2) the bid is reasonable; (3) actual costs are reasonable; and (4) the injured party was not responsible for the added costs.  *See, e.g., Amelco Erec. v. City of Thousand Oaks*, 27 Cal.4th 228, 115 Cal. Rptr. 2d 900, 38 P.3d 1120 (2002).

While the Colorado Court of Appeals mentioned the "total cost" theory, it explicitly said that it found no Colorado case discussing, much less adopting, this total cost theory.  The Court went on to turn its decision only on the fourth element. That is, that the injured party is not responsible for added costs is consistent with the general rule that uncertainty in the amount of damages does not preclude recovery, but uncertainty as to the cause from which they proceed supports rejection of a damage claim as too remote or conjectural or speculative.  *Id.* At 478.

Defendants invite me to make an *Erie* guess whether the State of Colorado would adopt this four-part test.  Having the benefit of reflection outside the constraints of the jury trial, I conclude that the Colorado Supreme Court would not adopt such a four-part test.  Certification of the question to the Colorado Supreme Court is unnecessary.

2

First, the Colorado Court of Appeals did not adopt it.  Second, the Colorado Supreme Court granted certiorari on November 8, 2004.  Among the issues upon which certiorari was granted was whether the Court of Appeals improperly upheld the directed verdict for defendants on a breach of contract claim solely on the basis of lack of evidence on damages when the Plaintiff had presented sufficient evidence on breach to survive the motion.  2004 WL 2504512 (Colo.)  Implicit in that issue is whether the four-part test under a total cost theory is the law of the State of Colorado.  After full briefing that case was argued before the Court on June 16, 2005.  But on June 17, 2005, the Court, *en banc*, entered its Order denying the Writ of Certiorari as having been improvidently granted.  The *City of Westminster* case history informs my *Erie* guess that Colorado has not adopted the theory and test Defendants rely on here.

Defendants' Renewed Rule 50(b) Motion remains subject to the same standard applicable at trial.  First, even though this is a Miller Act case, the substantive law of Colorado as the forum state governs analysis of the underlying claims, including definition of the applicable standards of proof, but federal law controls the procedural question whether Rule 50(b) relief is warranted.  *See, Speciality Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1175 (10th Cir. 2008).  The motion should be granted only if the court concludes that all evidence points but one way and is susceptible to no reasonable inferences which may sustain the non-movant's position.  *Lucas v. Dover Corp., Norris Div.*, 857 F.2d 1397, 1400 (10th Cir. 1988); *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1112 (10th Cir. 2004).  This requires that "all of the evidence in the record [reveals] no legally sufficient evidentiary basis for a claim under controlling law." *Hysten v. Burlington*

*N. Santa Fe RY Co.*, 530 F.3d 1260, 1269 (10th Cir. 2008) It is not my role to "weigh" the evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Hysten*, 530 F.3d at 1269.

I first find and conclude that the Plaintiff, Sun Construction Company, Inc., did not in any event employ a total cost methodology but rather presented an actual cost/discrete impact claim. Moreover, this case is distinguished from *City of Westminster* case because this case is a delay case rather than the design case addressed in *City of Westminster*. In short, and consistent with *City of Westminster*, a contractor is entitled to recover an amount sufficient to place the contractor in the position in which it would have been had the breach not occurred. This settled rule was indeed recognized in *City of Westminster, supra* at 478. Certainly the issue of causation was determined by the jury here in favor of the Plaintiffs upon a preponderance of the relevant and competent evidence introduced at trial.

Finally, even assuming that the four-part test for a total cost recovery theory is the law in Colorado, Plaintiff Sun Construction met its prima facie burden upon each of the four elements. Construing the evidence and all reasonable inferences in favor of the non-moving party, I conclude that Sun Construction established prima facie: (1) it was impracticable to prove its losses precisely; (2) Sun's bid for its work was reasonable; (3) Sun's actual costs on the project were reasonable; and (4) Sun was not responsible for the added costs it incurred on the project. The jury's verdict determined that the Defendant Joint Venture did not prove its claims that Plaintiff Sun Construction breached its contract or delayed the project and awarded the Joint Venture nothing, not even nominal damages

of One Dollar.  This is conclusive that Sun Construction was not responsible for any delays and supports the conclusion that Sun Construction met or surpassed any prima facie burden it may have had under a total cost recovery theory.

The Defendants' Renewed Motion for Judgment as a Matter of Law (Doc 259) is DENIED.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED: March 8, 2011