**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 07-cv-01355-LTB-MJW

UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SUN CONSTRUCTION
COMPANY, INC., a Colorado corporation;

      Plaintiff,

and

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

      Intervenor Plaintiff,

v.

TORIX GENERAL CONTRACTORS, LLC, a Colorado limited liability company f/k/a Alliance
General Contractors, LLC; and ST. ANDREWS/ALLIANCE JOINT VENTURE, a joint
venture,

      Defendants and Counterclaimants,

and

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut
corporation;

      Defendant.

_____

**ORDER**
_____

This matter is before me on a Motion to Stay Judgment Pending Appeal and for

Approval of Supersedeas Bond filed by Defendants, Torix General Contractors, LLC; St.

Andrews/Alliance Joint Venture (the "Joint Venture"); and Travelers Casualty and Surety

Company of America [**Doc # 285**]. In this motion, Defendants request approval of their

supersedeas bond and, in turn, an order staying all persons or entities from executing, or

attempting to execute, upon the judgment in this case and/or from filing any proceedings to

enforce the judgment pending appeal. Plaintiff, Sun Construction Company, Inc., has filed a response to the motion opposing this request, which has been joined by Intervenor Plaintiff Fidelity and Deposit Company of Maryland ("F&D"). [Docs # 292 & 293]  After consideration of the parties briefs, the case file and oral argument by counsel on May 31, 2011, I DENY Defendants' Motion to Stay Judgment and for Approval of Supersedeas Bond for the following reasons.

## I. BACKGROUND

The underlying lawsuit, brought pursuant to the Miller Act, 40 U.S.C. §3131 & §3133, was for damages incurred due to delay and overruns on a construction contract. The matter went to trial in November of 2010. The jury found that Plaintiffs had proven their breach of contract claim against the Joint Venture and incurred damages in the total amount of $4,143,416. The jury also found that $1,300,000 of that amount was due to Intervenor Plaintiff F&D on its assignment/subrogation claim under the provisions of the F&D payment bond. Judgment entered in favor of Plaintiffs on November 24, 2010. [Doc # 258]  I denied Defendants' Fed. R. Civ. P. 50(b) Renewed Motion for Judgment as a Matter of Law on March 8, 2001.  [Doc #259] Defendants then filed this motion seeking a stay of execution of the judgment on March 21, 2011, and subsequently filed their Notice of Appeal with the Tenth Circuit Court of Appeals on April 6, 2011. [Doc #287]  Plaintiff Sun filed its cross-appeal on April 20, 2011.  [Doc # 296]

## II. LAW

Defendants seek a stay pursuant to Fed. Rule of Civ. P. 62(d), which provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond" and that "[t]he stay takes effect when the court approves the bond." The purpose of a supersedeas bond is to secure

an appellee from loss resulting from the stay of execution, and a full supersedeas bond should be the requirement in normal circumstances. *Miami Intern. Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir. 1986)(citations omitted). District Courts have inherent discretionary authority in setting supersedeas bonds. *Id.*

### III. ANALYSIS

In this motion, Defendants seek a stay of execution of the judgment pursuant to Fed. R. Civ. P. 62(d) and, as security, Defendants have posted a supersedeas bond (Bond #105544015) in the amount of $4,143,416. Plaintiffs oppose Defendants' request on the basis that the posted supersedeas bond is insufficient in form and in amount.

The bond itself states that a condition of its obligation is that, if the judgment against the Defendants is affirmed, it shall be satisfied, together with costs on the appeal and interest, "in such amount however as shall not exceed the amount of this bond." Although purporting to cover any award of interest and costs on appeal, Plaintiffs contend that such costs would not actually be covered by the bond as its maximum is the face amount of the jury's verdict. Plaintiffs argue the bond is insufficient in form and amount because if they were to prevail on appeal, they would be without the ability to recover any attorney fees, costs or interest.

Plaintiffs assert that the amount the posted bond is insufficient in that it fails to include: any appellate costs and post-judgment interest, as discussed above; attorney fees, costs, and prejudgment interest awarded; and attorney fees incurred post-trial. Plaintiffs argue that a bond in the amount of $7,871,723.70 – which it contends represents 125% of the judgment plus prejudgment interest and requested fees – would provide sufficient security through appeal. Thus, Plaintiffs assert that I should deny Defendants' request for approval of the supersedeas

bond and for a stay of execution.

"In most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay." *Farm Bureau Life Ins. Co. v. American Nat. Ins. Co.,* 2009 WL 961171, 1 (D. Utah 2009)(unpublished)(*citing Strong v. Laubach,* 443 F.3d 1297, 1299 (10th Cir. 2006); *Olcott v. Del. Flood Co.,* 76 F.3d 1538, 1559 (10th Cir. 1996); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2905 (2d ed.1995)). Courts have the discretion to reduce or waive the security required pursuant to Fed. R. Civ. P. 62(d) only in unusual circumstances. *Id.* (*citing Miami Intern. Realty v. Paynter*, *supra,* 807 F.2d at 873). "In most cases, courts are simply unwilling to accept a bond that represents less than the full amount of assessed judgment." *Id.* (citations omitted); *see e.g. Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1068 (10th Cir. 2008)(indicating that the district court originally required a $7 million bond to stay execution of the judgment of more than $6.1 million including prejudgment interest and costs). Defendants, as the parties seeking the stay, have the burden of demonstrating objectively that posting a full supersedeas bond is impossible or impractical. *Id.*; *Miami Intern. Realty v. Paynter, supra,* 807 F.2d at 873.

Defendants argue that the form and the amount of the posted supersedeas bond is sufficient because the judgment is actually secured for a sum far greater than the amount sought by Plaintiffs. Although the amount of the supersedeas bond is only for the present face amount of the judgment, Defendants assert that Plaintiff Sun already has judgment on its claim against the underlying payment bond in this matter. Because the penal sum of the payment bond is $14,325,000, the net value of both the payment bond and the supersedeas bond is greater than

$18,000,000 ($14,325,000 on the payment bond, plus $4,143,416 for the supersedeas bond, for a total of $18,468,416) – which exceeds the $7,871,737.70 sought by Plaintiffs. Thus, Defendants maintain that Plaintiffs' argument that the amount and form of the supersedeas bond is insufficient is without merit. *See Miami Intern. Realty v. Paynter, supra,* 807 F.2d at 873 ("when setting supersedeas bonds courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors")(*quoting Texaco, Inc., v. Pennzoil Company,* 784 F.2d 1133, 1154, 1155 (2d Cir.1986)).

I am not persuaded by Defendants' argument. The existence of the payment bond is irrelevant to the assessment of the requisite supersedeas bond, as the underlying purposes of the bonds are different. Defendants have not shown that the payment bond would serve to protect Plaintiffs from a failure to pay the final judgment after appeal, and they have not referred me to any authority for the proposition that the underlying payment bond can suffice as security for a judgment on appeal. The supersedeas bond protects the Plaintiffs for the amount of the judgment only because while it provides that the "judgment shall be satisfied, together with costs on the appeal and interest" that amount "shall not exceed the amount of this bond" which does not include any additional fees, interest or costs. I am skeptical that the payment bond protects Plaintiffs. And, in addition, Defendants' argument invites further post-appeal litigation. As a result, I agree with Plaintiffs that the supersedeas bond is insufficient. In addition, I conclude that Defendants have not met their burden of demonstrating objectively that posting a full supersedeas bond is impossible or impractical.

In so doing, I find that a full supersedeas bond in that case would be for $6,000,000. This amount is comprised of the following amounts:

- $4,143,416.00 for the face amount of the damages awarded to Plaintiff Sun Construction Company, Inc., in the underlying judgment;
- $ 22,544.16 in Fed. R. Civ. P. 54(d) costs awarded to Plaintiff Sun Construction Company, Inc., in this litigation;
- $ 737,495.96 in prejudgment interest on this award, calculated at the rate of 8% per annum from October 11, 2008 to November 24, 2010;
- $ 5,792.84 in post-judgment interest on this award at the rate of .27% per annum from November 25, 2010 through June 1, 2011;
- $ 570,000.00 representing an approximate amount for potential reasonable attorney fees in an amount yet to be determined; and
- $547,646.56 in projected interest and appellate costs (10% of the $5,476, 465.58 already accrued); for a total of:

$6,026,895.52.

In so determining, I note that the face amount of the judgment and the amount of the costs awarded to Plaintiff Sun are not in dispute. As to the remaining amounts, I am not ruling as to their accuracy as they were calculated solely for the purpose of assessing an approximate sum that represents the full amount – including fees, costs, interests, and damages for delay – of the assessed judgment for a supersedeas bond sufficient to justify a stay on appeal of this matter.

ACCORDINGLY, I DENY the Motion to Stay Judgment Pending Appeal and for Approval of Supersedeas Bond filed by Defendants, Torix General Contractors, LLC; St. Andrews/Alliance Joint Venture; and Travelers Casualty and Surety Company of America [**Doc**

**# 285**].  In so doing, I DIRECT that Defendants must post a supersedeas bond in the amount of $6,000,000.00 in order to be granted a stay pursuant to Fed. R. Civ. P. 62(d).

Dated: June   6  , 2011.

> BY THE COURT:
>
>   s/Lewis T. Babcock
> LEWIS T. BABCOCK, JUDGE