**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, JUDGE**

Civil Case No. 07-cv-01355-LTB-MJW

UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SUN CONSTRUCTION
    COMPANY, INC., a Colorado corporation;

            Plaintiff,

and

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

            Intervenor Plaintiff,

v.

TORIX GENERAL CONTRACTORS, LLC, a Colorado limited liability company f/k/a Alliance
    General Contractors, LLC; and ST. ANDREWS/ALLIANCE JOINT VENTURE, a joint
    venture,

            Defendants and Counterclaimants,

and

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut
    corporation;

            Defendant.

_____

ORDER

_____

This matter is before me on a Motion to Amend Judgment filed pursuant to Fed. R. Civ.

P. 59 by Plaintiff Sun Construction Company, Inc. ("Sun"), seeking an award in its favor for

attorney fees and costs [**Doc # 261**].  This motion is joined by Intervenor Plaintiff Fidelity and

Deposit Company of Maryland ("F&D") in its Joinder Re: Motion to Amend Judgment to Include

Costs and Prejudgment Interest [**Doc # 262**].  In addition, I address the related Proposed Bill of

Costs filed by F&D [**Doc # 260**], and Plaintiff Sun's Motion Requesting a Hearing Regarding the

Reasonability of Plaintiff's Requested Attorney's Fees [**Doc # 268**].  Defendants, Torix General Contractors, LLC, St. Andrews/Alliance Joint Venture, and Travelers Casualty and Surety Company of America (collectively, Defendants) oppose the relief requested in these motions. After consideration of the parties briefs, the case file, and oral argument presented to me on May 31, 2011, I GRANT the motion requesting a hearing [Doc #268], I GRANT IN PART AND DENY IN PART the motion to amend and joinder [Docs #261 & 262], and I DENY the proposed bill of costs filed by F&D [Doc #260 & 262].

## I.  BACKGROUND

The underlying lawsuit was brought pursuant to the Miller Act, 40 U.S.C. §3131 and §3133, for damages incurred related to delay and overruns on a construction contract.  The prime contractor on the project was Defendant Torix General Contractors and St. Andrews/Alliance Joint Venture (the "Joint Venture").  Under the requirements of the Miller Act, the prime contractor posted a payment bond issued by Defendant Travelers to protect its subcontractors. Plaintiff Sun was a subcontractor on the project and its performance bond was issued by Intervenor Plaintiff F&D.  Plaintiff Sun sued Defendants for damages it incurred as a result of the delay and, in turn, the Joint Venture counterclaimed for its damages.  In addition, F&D intervened to defend as surety, as well as to claim over and against Plaintiff Sun for assignment/subrogation on any damages awarded to Sun under the terms of its bond.

The matter went to trial in November of 2010.  The jury found that Plaintiff Sun had proven its breach of contract claim against Defendants and, as such, incurred damages in the total amount of $4,143,416.  The jury also found that $1,300,000 of that amount was due to F&D on its assignment/subrogation claim.  In addition, the jury found that the Joint Venture had not

proven its counterclaims against Sun.  As a result, judgment entered in favor of Plaintiffs on

November 24, 2010. [Doc # 258]  The parties have subsequently filed cross-appeals with the

Tenth Circuit Court of Appeals. [Doc # 287 & 296]

## II.  MOTION TO AMEND & MOTION FOR HEARING

In this Motion to Amend Judgment, Plaintiff Sun asks that I amend the judgment in its

favor to include the following:  1) its reasonable attorney fees; 2) its costs incurred; 3) attorney

fees and costs incurred by Intervenor Plaintiff F&D in this matter; and 4) prejudgment interest.

In its related Motion Requesting a Hearing, Plaintiff Sun seeks a hearing to present evidence and

argument as to the reasonableness and amount of its requested attorney fees.

## A.  Attorney Fees:

Plaintiff Sun first asserts that it is entitled to the reasonable attorney fees it incurred

pursuant to Paragraph 39 of the subcontract which provides that if a controversy thereunder is

decided by court action, "the prevailing party shall be entitled to have included in the judgment

an award for reasonable attorney fees incurred in connection with said action."   As a prevailing

party, Plaintiff Sun seeks an award of $567,216.62 for the attorney fees it incurred in this matter.

Defendants first argue that Plaintiff Sun is not entitled to its attorney fees (or its costs or

prejudgment interest) because it failed to include a claim for them in the governing Final Pretrial

Order.  So, Defendants assert these post-trial claims are waived.  *See Wilson v. Muckala, M.D.*,

303 F.3d 1207, 1215 (10th Cir. 2002)(ruling that "claims, issues, defenses, or theories of

damages not included in the pretrial order are waived even if they appeared in the complaint");

*see also A.J. Plastic Products, Inc. v. Sandretto USA, Inc.,* 2006 WL 618149, 5 (D. Kan.

2006)(unpublished)(ruling on a motion to dismiss that a motion for attorney fees was moot as no

3

claim for attorney fees was asserted in the parties' proposed pretrial order).

In response, Plaintiff Sun argues that it was understood by the parties that issues of attorney fees, costs and prejudgment interest were to be decided post-trial.  Sun notes that Defendants likewise did not assert these possible remedies in the Pretrial Order in the event of a verdict in its favor.  Sun also refers me to an email exchange between counsel, during the drafting of the pretrial order, which reveals that they agreed that attorney fees was a post-trial matter.  In addition, Sun asserts that during the trial counsel for the Defendants "repeatedly agreed that attorney fees could be an issue taken up post-trial by the Court."

First, I reject Defendants' assertion that attorney fees, costs and prejudgment interest are only recoverable if they are presented as damage claims in the final pretrial order.  While certainly substantive claims must be included in the final pretrial order in order to narrow the issue to be presented to the jury for trial, none of the authority cited is persuasive for the proposition that attorney fees, costs and prejudgment interest must be set out as a claim in the final pretrial order in order to be preserved.  Such determinations are not a part of the merits of the claim – in that they are clearly not jury questions or triable issues – but are rather classic post-trial remedies available only to the prevailing party.  *See generally MidAmerica Federal Sav. & Loan Ass'n v. Shearson /American Exp., Inc.,* 962 F.2d 1470, 1475 (10th Cir. 1992)(ruling that the allowance and amount of attorney fees is not a jury question, but is within the sound discretion of the trial judge)(*quoting Hatrock v. Edward D. Jones & Co.*, 750 F.2d 767, 776 (9th Cir.1984)); *see also Barvick v. Cisnerosn*, 953 F.Supp. 341, 344 (D. Kan. 1997). In addition, Defendants have not provided me with any evidence that would contradict the record which reflects that Defendants position prior to and during the trial of this matter was that the

4

issue of attorney fees was to be reserved for post-trial determination by the court.   Any waiver is attributable to Defendants, not Sun.  And, in any event, under the circumstances here it would be manifestly unjust to now preclude Sun's request.  *See Barvick v. Cisneros, supra,* 953 F.Supp. at 344 (finding that in that case "manifest injustice would result were it to exclude the requested equitable relief . . . solely because it was not mentioned in the Pretrial Order").

Defendants also maintain that I should not award Plaintiff Sun its attorney fees because it admittedly failed to provide both an affidavit (signed by its attorneys attesting to the reasonableness of the fees requested) and the requisite supporting documentation with this motion.  *See* D.C.Colo. L.Civ R. 54.3 (requiring a motion for attorney fees be supported by one or more affidavits, as well as "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed").  Because Plaintiff Sun has failed to provide the requisite affidavit(s) and backup documentation, as required by Local Rule 54.3, with its motion, Defendants assert that I cannot independently and adequately assess the reasonableness of the claimed fees.

Plaintiff Sun concedes that it failed to comply with Local Rule 54.3 in filing its motion. It argues that such failure is not fatal to its request, however, as it did provide a report from its retained expert regarding the reasonability of the requested fees which, it contends, provides the same information as required by the supporting affidavit.  Although the report is not sworn under penalty of perjury, the related motion was signed by counsel.  In addition, Plaintiff Sun filed a subsequent motion – in which it requested a hearing on the reasonableness of the fees, as further discussed below – providing the requisite affidavit and billing records.  As a result, Sun maintains that while it did not strictly comply, such error should not be fatal to the motion as the

5

purpose of the requirements of Local Rule 54.3 have been met.

I agree.  While it is clear that Plaintiff did not comply strictly with Local Rule 54.3, I find that the information provided in the motion is sufficient to substantially comply.  Moreover, the information was subsequently provided in the motion requesting a hearing.  Therefore, I find that Plaintiff Sun's admitted failure to adhere to the requirements of  Local Rule 54.3 did not prejudice Defendants under the circumstances of this case, as the Joint Venture will have benefit of hearing on the reasonability question.  *See generally Kelly v. Wolpoff & Abramson, L.L.P.,* 2010 WL 625034, 1 (D.Colo. 2010)(unpublished)(finding that  the failure to comply with Local Rule 54.3 was not fatal to the motion for attorney fees when the information provided was adequate for the court to perform its review function).

I next address Defendants' argument that to the extent Plaintiff Sun is entitled an award of attorney fees, such award cannot be entered against Defendant Travelers, as the surety, because its liability is limited to its obligations under the payment bond it issued to the Joint Venture as the prime contractor.  I agree.

I am unpersuaded by Plaintiff Sun's argument that *United States ex rel. C.J.C., Inc., v. Western States Mech. Contractors, Inc.,* 834 F.2d 1533 (10th Cir. 1987), supports its claim that an attorney fees award may be extended to Defendant Travelers as the Joint Venture's surety.  In that case the Tenth Circuit indicated that "[w]hen the agreement between the contractor and the subcontractor provides for attorneys' fees, the subcontractor may recover from the contractor *and its Miller Act surety* consistent with the terms of that agreement."  *Id.* at 1548 (emphasis added).  Although Plaintiff Sun asserts that this language should be read to conclude that a Miller Act surety could be held liable for an award of attorney fees against its contractor –

6

regardless of the terms of the bond – the Tenth Circuit was not addressing that issue.  Rather, it was ruling on whether the trial court has discretion to adjust or even deny a contractual award of fees if such an award would be inequitable or unreasonable.  *Id.*     Here, there is no statutory or contractual basis upon which an award of fees can enter against Defendant Travelers so, I agree that it is not responsible for Plaintiff Sun's attorney fees. The basis for the attorney fees award is the contractual provision (Paragraph 39 – providing that if a controversy thereunder is decided by court action, the prevailing party shall be entitled to an award for reasonable attorney fees) contained in the contract between the Joint Venture as the prime contractor and Plaintiff Sun as the subcontractor.  Defendant Travelers was not a party to that contract and, as such, cannot be held liable thereunder.  *See generally USA for Use and Benefit of Vulcan Materials v. Volpe Const.*, 622 F.2d 880, 887 (5th Cir. 1980).

Finally, Defendants challenge Plaintiff Sun's request for attorney fees – of $567,216.62 – as not reasonable.  In order to address the issue, I will grant Plaintiff Sun's Motion Requesting a Hearing Regarding the Reasonability of Plaintiff's Requested Attorney's Fees. [**Doc # 268**].  *See Harris Mkt. Research v. Marshall Mktg. & Comm., Inc.,* 948 F.2d 1518, 1527 (10th Cir. 1991) (ruling that whether an evidentiary hearing would be helpful in the determination of reasonableness and amount of attorneys' fees is generally left to the sound discretion of the district court).

I conclude that Plaintiff Sun is entitled to an amendment of the judgment to include an award of attorney fees in its favor – in a reasonable amount to be determined after a hearing – against the Joint Venture pursuant to the fee-shifting provision of Paragraph 39 of their contract.

**B.  Costs**

Plaintiff Sun also seeks and award of the costs it incurred pursuant to Fed.R.Civ.P.

54(d)(1), which states that "[e]xcept when express provision therefor is made either in a statute

of the United States or in these rules, costs . . .  shall be allowed as of course to the prevailing

party unless the court otherwise directs."  Items taxable as costs, set forth in 28 U.S.C. § 1920,

are:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript
> necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in
> the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of special interpretation services under section
> 1828 of this title.

Plaintiff Sun, as the prevailing party, bears the burden of establishing the amount of costs

to which it is entitled and that those amounts are reasonable.  *In re Williams Securities*

*Litigation—WCG Subclass,* 558 F.3d 1144, 1148 (10th Cir. 2009).  The burden then shifts to the

"non-prevailing party to overcome" the presumption that these costs will be taxed.  *Id.*  I have

broad discretion to award or not award costs under Fed. R. Civ. P. 54(d); however, I have no

discretion to award items as costs that are not set fourth in 28 U.S.C. § 1920.  *Crawford Fitting*

*Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *see*

*also Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990).

Plaintiff Sun seeks the following costs:  1) deposition costs in the amount of $ 9,917.48;

2) copying costs for trial in the amount of $ 10,476.20; and 3) filing fees, service of process, &

incidentals in the amount of  $ 2,150.48.  I note that Sun initially asked for its expert witness fees

– in the total amount of $177,568.42 – but subsequently withdrew that request in its reply to this motion.   At hearing, Defendants conceded awardability of the remaining costs.  Plaintiff Sun is entitled to its costs for depositions, copying, and filing fees, service of process, & incidentals in the amount of  $22,544.16 ($9,917.48 + $10,476.20 + $2,150.48).

**C.  Attorney Fees and Costs Sun is required to pay F&D**

Plaintiff Sun also seeks an award in its favor for $806,706.30 in attorney fees and costs incurred by Intervenor Plaintiff F&D as a result of this litigation.   Sun argues that it is entitled to recover these fees – which it must pay to F&D pursuant to the assignment/subrogation agreement between Plaintiff Sun and F&D – under principles of equity.   Specifically, it maintains that the attorney fees and costs incurred by F&D – as a prevailing party defending against the counterclaims raised by the Joint Venture – would not have been incurred but for the Joint Venture's breach of contract and its wrongful counterclaims.   In addition, Plaintiff Sun notes that it is only seeking $806,706.30 (as opposed to the actual attorney fees and costs incurred by F&D of $887,056.30) in order to credit for overlap between the attorneys.

In response, Defendants argue that Plaintiff Sun is not entitled to recover against them for any of the fees and costs incurred by F&D in this matter.   Defendants assert that Sun is obligated to pay F&D's fees and costs as a result of the assignment/subrogation provision in the F&D bond, to which neither Defendant was a party.   Defendants maintain that agreement is an independent obligation of Sun, and was the basis for a separate and independent claim by F&D against Sun in this litigation, on which F&D (not Plaintiff Sun) prevailed.   As such, Defendants argue that the American Rule applies (in the absence of any statutory or contractual authority) and, thus, Plaintiff Sun is not entitled to an award of F&D's fees and costs.   I agree.

First, as noted, Defendants were not a party to the assignment/subrogation agreement between Plaintiff Sun and F&D.  In any event, I conclude that such fees constitute damages incurred by Plaintiff Sun as a result of the Joint Venture's breach of the contract – as opposed to a post-judgment remedy – and Sun did not plead or argue the right to recover such damages in the underlying litigation.   Plaintiff Sun has referred me to no legal authority in support of its position.  Its arguments based on Colorado's collateral source rule and/or equity are unpersuasive, and would constitute an unwarranted leap of the collateral source rule from tort to contract law.  As such, I conclude that Plaintiff Sun is not entitled to an award in its favor for the attorney fees and costs incurred by F&D in litigating the matter.

## D.  Prejudgment Interest

Finally, Plaintiff Sun is seeking an award of prejudgment interest, in the amount of 8%, to run from October 11, 2008 – 30 days after the date of its last work on the project – through November 24, 2010 – the date of the entry of judgment.  As an initial matter, for the reasons set forth above, I reject Defendants' argument to the extent that they are again asserting that Plaintiff Sun is not entitled to prejudgment interest because it failed to raise it as a claim in the final pretrial order.   Interest on a judgment, like attorney fees, is not a trial issue for the jury, but rather a classic post-trial remedy question for the court.  *See MidAmerica Federal Sav. & Loan v. Shearson /American Exp., supra,* 962 F.2d at 1475.  In so doing, I note that Plaintiffs did seek "an amount to be established at trial, together with interest thereon at the highest rate permitted by law" in the prayer of their Amended Complaint.  I further note that the judgment indicates that Plaintiffs "are awarded pre-judgment interest, if determined to be entitled thereto, calculated at the rate of 8% per annum from October 11, 2008 to the date of entry of judgment, if

allowable."

The Tenth Circuit has "clearly, and repeatedly, stated prejudgment interest awards on Miller Act claims are governed by federal law, not state law." *Towerridge, Inc. v. T.A.O., Inc.,* 111 F.3d 758, 764 (10th Cir. 1997).   While prejudgment interest falls within the "scope of the remedy" available to a Miller Act claimant, and its allowance must be initially determined as a matter of federal law, "such a determination, however, merely leads us back to state law as the Miller Act does not provide standards for the allowance of prejudgment interest." *C.J.C. v. Western States Mech. Contractors, supra,* 834 F.2d 1541.

Under federal law, whether to award prejudgment interest is subject to a two-part test. *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1073 (10th Cir. 2008).  The first step requires a determination of whether the federal law in question expressly allows or expressly forbids prejudgment interest; the second step is an assessment of whether prejudgment interest is supported under "compensatory principles" and "fundamental considerations of fairness." *Id.* at 1074.  Although prejudgment interest is ordinarily awarded in federal cases, it is not recoverable as a matter of right. *Malloy v. Monahan,* 3 F.3d 1012, 1019 (10th Cir. 1996)(*quoting Zuchel v. City & County of Denver*, 997 F.2d 730, 746 (10th Cir.1993)). The decision whether to allow prejudgment interest rests within the sound discretion of the trial court. *Towerridge, Inc. v. T.A.O., supra,* 111 F.3d at 764.

This case was brought under the Miller Act, which the parties agree neither grants nor forbids prejudgment interest.  Thus, at issue is the question of entitlement based upon whether an award of prejudgment interest would serve to compensate the injured party and whether the equities would preclude the award of prejudgment interest. *Morrison Knudsen v. Ground*

11

*Improvement Techniques, supra,* 532 F.3d at 1073.   Plaintiff Sun argues that it committed 90%

of its resources to the underlying construction project and, because of the delays on the project,

Sun was unable to bid or earn income from any other project.   Trial testimony supports this

premise.   Because prejudgment interest serves to compensate for the loss of use of money due,

and Sun was deprived of the time value of this money, it maintains that I should award

prejudgment interest from October 11, 2008 (30 days after the date of its last work on the

project) through November 24, 2010 (the date judgment entered).   *Id.* (noting that prejudgment

interest is an element of complete compensation under the Federal Acquisition Regulation

System); *see also J. F. White Engineering Corp. v. U.S. for Use of Pittsburgh Plate Glass Co.,*

311 F.2d 410, 413 (10th Cir. 1962)(upholding a district court award of interest "from the date

that the balance became due," pursuant to a Colorado statute, as there was substantial

compliance with the terms of the contract by the subcontractor).

   In response, Defendants argue that Plaintiff Sun is not entitled to an award of

prejudgment interest because the amount due was not liquidated until the time of judgment.

Defendants assert that federal courts "routinely refuse to grant prejudgment interest where the

claim is unliquidated until the time of the verdict."   Defendants refer me to federal cases that

apply state law to the issue.   *See e.g. C.J.C. v. Western States Mech. Contractors, supra,* 834

F.2d 1542 (applying New Mexico law to indicate that prejudgment interest is awarded only

where the amount of the debt is a "mere matter of calculation," and where "the exact sum of the

indebtedness can be readily ascertained").   Because, Defendants say, Sun's claim was not

liquidated prior to the jury verdict – and that until that point entitlement and the amount thereof

was disputed – they contend prejudgment interest is not awardable.

But Colorado Revised Statute § 5–12–102(1)(a) provides that "[w]hen money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered." And, § 5–12–102(3) provides that such interest shall be allowed "even if the amount is unliquidated at the time of wrongful withholding or at the time when due." *See Hott v. Tillotson-Lewis Const. Co.,* 682 P.2d 1220, 1222 -1223 (Colo. App. 1983)(concluding that prejudgment interest may be awarded in a breach of construction contract case, even if the amount is unliquidated at the time of the wrongful withholding, and that the trial court erred in failing to award prejudgment interest from the date of completion of the house to the date of judgment)(citations omitted).   Based on this law, I agree with Plaintiff Sun that it is entitled to prejudgment interest, in the amount of 8% per annum from October 11, 2008 to the date of entry of judgment, November 24, 2010.   *See Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.,* 878 F.2d 1259, 1270 (10th Cir. 1989) (relying on *Jasken v. Sheehy Construction Co.*, 642 P.2d 58, 60 (Colo. App. 1982), in which a panel of the Colorado Court of Appeals upheld an award of prejudgment interest from the date of the general contractor's refusal to pay, stating: "the court did not err when it awarded interest on the wrongfully withheld sum even though the exact amount was unliquidated until the date of judgment").

## E.  F&D Joinder and Bill of Costs

In its Joinder [Doc # 262], Intervenor Plaintiff F&D argues that it is entitled to an award of costs, as outlined in a separately-filed Bill of Costs [Doc # 260], against the Joint Venture. Specifically, F&D maintains that it is the prevailing party in this case against the Joint Venture –

13

in that the jury found against it on its counterclaims – and it is entitled to its costs pursuant to Fed. R. Civ. P. 54(d).  I disagree.  Intervenor Plaintiff F&D was compensated for its litigation fees and costs incurred in this matter as part of its $1,300,000 jury award pursuant to its assignment/ subrogation claim against Plaintiff Sun.  F&D's argument to the contrary, any award of litigation costs pursuant to Fed. R. Civ. P. 54 would constitute double recovery of those fees. *See O'Brien v. Greers Ferry*, 873 F.2d 1115, 1117 (8th Cir. 1989)(where jury awarded fees to party as compensatory damages, party could not claim fees as prevailing party after trial as this would constitute a double recovery).   I therefore reject F&D's request for its litigation costs in its joinder and, likewise, I deny its Bill of Costs seeking the same.

Intervenor Plaintiff F&D also argues in favor of an award of prejudgment interest and, in so doing, seeks a "separate and distinct" award in its favor of $1,300,000 (the amount awarded by the jury in its favor – and against Plaintiff Sun – on its assignment/subrogation claim) plus prejudgment interest at 8% from October 11, 2008 through November 24, 2010.   I decline F&D's request to the extent it seeks amendment of the judgment for a  "separate and distinct" award in its favor as contrary to the jury verdict.  However, I grant its request for prejudgment interest on its portion of the award (in the amount of $1,300,000) for its assignment/subrogation claim against Plaintiff Sun.

ACCORDINGLY,  I ORDER as follow:

1. I GRANT Plaintiff Sun Construction Company Inc.'s Motion Requesting a Hearing Regarding the Reasonability of Plaintiff's Requested Attorney's Fees [**Doc # 268**];

2.  I DENY the Proposed Bill of Costs filed by Intervenor Plaintiff Fidelity and Deposit

Company of Maryland  [**Doc # 260**];

3.  I GRANT IN PART Plaintiff Sun Construction Company Inc.'s Motion to Amend

Judgment to Include Attorneys Fees, Costs, and Prejudgment Interest, and Fees and Costs

Incurred by Intervenor Plaintiff F&D [**Doc # 261**].  As a result, pursuant to Fed. R. Civ. P. 59, I

AMEND the JUDGMENT, dated November 24, 2010 [Doc # 258] to add as follows:

Plaintiff United States of America For the Use and Benefit of Sun Construction
Company, Inc. is awarded prejudgment interest on its award of damages (in the amount of
$4,143,416.00), calculated at the rate of 8% per annum from October 11, 2008 to November 24,
2010.  Intervenor Plaintiff Fidelity and Deposit Company of Maryland is entitled to the
prejudgment interest accrued on its portion of the award of damages against Plaintiff Sun (in the
amount of $1,300,000.00) pursuant to its assignment/subrogation claim.

Plaintiff United States of America For the Use and Benefit of Sun Construction
Company, Inc., is awarded its reasonable attorney fees, in an amount to be determined, against
Defendants and Counterclaimants Torix General Contractors, LLC, and St. Andrews/Alliance
Joint Venture.

Plaintiff United States of America For the Use and Benefit of Sun Construction
Company, Inc., is awarded its costs, pursuant to Fed. R. Civ. P. 54(d)(1), in the amount of
$22,544.16 against the Defendants and Counterclaimants Torix General Contractors, LLC, and
St. Andrews/Alliance Joint Venture and Defendant Travelers Casualty and Surety Company of
America.

4.  To the extent that any additional relief is sought in the Motion to Amend Judgment

[**Doc # 261**] and F&D's Joinder [**Doc # 262**], I DENY the motions.

Dated: June __6__, 2011.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE

15