**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, JUDGE**

Civil Case No. 07-cv-01355-LTB-MJW

UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SUN CONSTRUCTION
     COMPANY, INC., a Colorado corporation;

        Plaintiff,
and

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,

        Intervenor Plaintiff,
v.

TORIX GENERAL CONTRACTORS, LLC, a Colorado limited liability company f/k/a Alliance
     General Contractors, LLC; and ST. ANDREWS/ALLIANCE JOINT VENTURE, a joint
     venture,

        Defendants and Counterclaimants,
and

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut
     corporation;

        Defendant.
_____

ORDER
_____

This matter is before me on the reasonableness of the amount of attorney fees requested

by Plaintiff Sun Construction Company, Inc. ("Sun"). On June 6, 2011, I awarded Sun its

attorney fees in this matter, when ruling on its Motion to Amend Judgment [Doc # 261], but I

reserved the question of the reasonableness of the fees requested. [Doc # 328]  Pursuant to my

minute order [Doc # 329], Defendants, Torix General Contractors, LLC. and  St. Andrews/

Alliance Joint Venture (the "Joint Venture"), filed a response contesting the reasonableness of

the fees requested [Doc # 337], and Sun has filed a reply [Doc # 338].  After consideration of the

parties arguments, briefs, and exhibits, as well as oral arguments presented to me at the hearing

on August 18, 2011, I award Sun the sum of $535,216.62 for its reasonable attorney fees against

the Joint Venture.  I note that while Sun seeks an award of  $567,216.62 for its reasonable

attorney fees, the Joint Venture argues that the amount should be reduced to $239,608.00.

## I.  BACKGROUND

The underlying lawsuit was brought pursuant to the Miller Act, 40 U.S.C. §3131 and

§3133, for damages incurred related to delay and overruns on a construction project.  The prime

contractor on the project was the Joint Venture.  Under the requirements of the Miller Act, the

prime contractor posted a payment bond issued by Defendant Travelers Casualty and Surety

Company of America.  Plaintiff Sun (as a subcontractor) sued Defendants (as the prime

contractor and its surety) for damages it incurred as a result of the delay and, in turn, the Joint

Venture counterclaimed for its damages.   In addition, Fidelity and Deposit Company of

Maryland ("F&D") intervened to defend against the counterclaims as surety, as well as to claim

over and against Plaintiff Sun for assignment/subrogation on any damages awarded to Sun under

the terms of its bond.

The matter went to trial in November of 2010.  The jury found that Plaintiff Sun had

proven its breach of contract claim against Defendants and, as such, incurred damages in the

total amount of $4,143,416.  The jury also found that $1,300,000 of that amount was due to F&D

on its assignment/subrogation claim.  In addition, the jury found that the Joint Venture had not

proven its counterclaims against Sun.  As a result, judgment entered in favor of Plaintiff Sun on

November 24, 2010. [Doc # 258]  The parties have subsequently filed cross-appeals with the

Tenth Circuit Court of Appeals. [Doc # 287 & 296]

## II.  SUN's MOTION TO AMEND

On December 21, 2010, Sun filed a Motion to Amend Judgment, pursuant to Fed. R. Civ.

P. 59, asking that I amend the judgment in its favor to include the following:  1) its reasonable

attorney fees; 2) its costs incurred; 3) attorney fees and costs incurred by Intervenor Plaintiff

F&D in this matter; and 4) prejudgment interest.  I granted Sun's Motion to Amend, in part, on

June 6, 2011.  In so doing, I awarded Sun its prejudgment interest on its award of damages, its

costs pursuant to Fed. R. Civ. P. 54(d)(1) , and "its reasonable attorney fees, in an amount to be

determined, against Defendants and Counter-claimants Torix General Contractors, LLC, and St.

Andrews/Alliance Joint Venture," but I denied Sun's request for an award of attorney fees and

costs it paid to F&D.   [Doc # 328]   I now address the reserved question of the amount of

reasonable attorney fees to be awarded to Sun.

## III. REASONABLE ATTORNEY FEES

Sun requests an award of $567,216.62 for its reasonable attorney fees, pursuant to

Paragraph 39 of the subcontract which provides that if a controversy thereunder is decided by

court action, "the prevailing party shall be entitled to have included in the judgment an award for

reasonable attorney fees incurred in connection with said action."  Sun has provided an expert

opinion that the fees requested are reasonable under a lodestar analysis and via application of the

reasonableness factors set forth in Colorado Rule of Professional Conduct 1.5(a).  Sun further

notes the existence of its contingency fee agreement with its legal counsel that, in turn, lends

reasonability to the fees sought, and also asserts that it has "gone to great lengths to self-reduce

the award" by not seeking significant fees incurred in this matter prior to the filing of the

complaint or during post-trial litigation.  Finally, Sun notes that the fees requested represent

approximately 5% of the aggregate difference between the amount it claimed, and the amount it

was defending at trial.

In *United States ex rel. C.J.C., Inc. v. Western States Mech. Contractors, Inc.,* 834 F.2d

1533, 1548 (10th Cir. 1987), the Tenth Circuit reviewed an award of attorney fees to a prevailing

subcontractor in a Miller Act case.  The court ruled that "[w]hen the agreement between the

contractor and the subcontractor provides for attorneys' fees, the subcontractor may recover

from the contractor and its Miller Act surety consistent with the terms of that agreement.  *Id.*

(citations omitted); *see also U.S. ex rel. Noyes v. Kimberly Const., Inc.*, 43 Fed.Appx. 283, 288,

2002 WL 1722139, 4 (10th Cir. 2002)(not selected for publication).   Discretion of the court in

such cases is "limited such that 'fees are routinely granted and [contracts] enforced according to

[their] terms.'"  *Student Marketing Group, Inc. v. College Partnership, Inc.,* 2007 WL 2269440,

12 (10th Cir. 2007)(unpublished)(*citing C.J.C. v. Western States Mech. Contractors, supra,* 834

F.2d at 1548).

 "This does not mean, however, that the trial court should simply award the full amount

billed by the prevailing party's attorneys. . . . [c]learly, the trial court has discretion to adjust or

even deny a contractual award of fees if such an award would be inequitable or unreasonable."

*C.J.C. v. Western States Mech. Contractors, supra,* 834 F.2d at 1548 (citations omitted).  The

Tenth Circuit further noted "[i]n considering whether a fee is unreasonable or excessive, the trial

court need not wholly disregard the familiar factors from the federal cases awarding fees in a

statutory context; [t]he district court may choose to use these factors, not to compute a

reasonable fee, but to assist in determining if the fees claimed are unreasonable or inequitable."
*C.J.C. v. Western States Mech. Contractors, supra,* 834 F.2d at 1550.

In *Westar Energy, Inc. v. Lake,* 552 F.3d 1215, 1228 (10th Cir. 2009), the Tenth Circuit

clarified the ruling in *C.J.C. v. Western States Mech. Contractors, supra,* related to an award of

attorney fees when the contract provision at issue provided for "reasonable" attorney fees – as

here – as opposed to provisions that allow for the recovery of attorney fees without expressly

referencing reasonableness. *Id.* The Court indicated that when an attorney fee provision is not

limited to "reasonableness," a fee award is be upheld unless the payor proves they are

unreasonable or inequitable. *Id.*; *see also J.R. Simplot v. Chevron Pipeline Co.,* 563 F.3d 1102,

1119 (10th Cir. 2009).   However, when the contract specifies that the attorney fees must be

reasonable, the burden remains with party seeking the award of attorney fees to prove its

reasonableness. *Westar Energy v. Lake, supra*, 552 F.3d at 1249.

The Joint Venture does not challenge the stated hourly rates of Sun's attorneys, nor does

it dispute that this was a complex case.  It argues, however, that the fees requested are

unreasonable because Sun has failed to segregate out the attorney fees that are allocable to

claims upon which it did not prevail.  The Joint Venture maintains that Sun asserted four claims

for relief against it, but that the jury returned a verdict on only one of those claims for breach of

contract and, thus, Sun is not entitled to collect the fees it incurred related to the three

unsuccessful claims.  The Joint Venture also argues that in order to be deemed reasonable, the

amount of attorneys fees requested should be reduced to reflect the "limited degree of success"

in this matter.  It maintains that Sun's received a judgment for only about 50% of the amounts it

originally sought  when taking into account its dismissed claim for lost profits, dismissed on

summary judgment.  Thus, it maintains that a reasonable fee award should be reduced by 50% of what it claims to reflect the fact that it only prevailed on a single claim for relief, and for only a portion of the damages originally sought.

I first note that the case law relied upon by the Joint Venture does not support its assertion that the attorney fees provided for in the provision of their subcontract – Paragraph 39 which provides that if a controversy thereunder is decided by court action, the prevailing party shall be entitled to an award for reasonable attorney fees – allows only for the fees incurred on ultimately successful claims.  *See e.g. LSV, Inc. v. Pinnacle Creek, LLC*, 996 P.2d 188, 192 (Colo. App. 1999)(indicating that a literal interpretation of "all attorney fees" as set forth in a fee-shifting statute "could lead to the absurd result that a party in a multiple-claim suit who prevails on other *unrelated* claims would be liable for all attorney fees of the other party")(emphasis added).

Moreover, I agree with Sun that their unsuccessful claims seeking lost profits and bonding capacity were dismissed relatively early in the litigation on summary judgment.  To the extent that Sun withdrew its claim for implied contract (or *quantum merit*) at the close of trial – with an agreement that each party was to bear is only costs and attorney fees – I find that this claim arose out of the same factual circumstances as the breach of contract claim, and, as such, overlapped in proof.

In addition, I disagree that Sun was only partially successful in this matter because did not recover the full amount of damages initially sought.  Although a district court may reduce a lodestar calculation on the grounds that a prevailing party has achieved only partial success, when a lawsuit involves multiple claims based on "a common core of facts or  . . .  related legal

theories," it is inappropriate for a district court to evaluate the individual claims as though they were discrete and severable for the purpose of awarding attorney fees. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir. 1998) (assessing statutorily-mandated fees in a civil rights case)(*quoting Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "Litigants should be given the breathing room to raise alternative legal grounds without fear that merely raising an alternative theory will threaten the attorney's subsequent compensation. Instead, a court should focus on the significance of the overall relief that the prevailing party has won." *Id.* Although "there is no precise rule or formula for assessing the plaintiff's degree of success, a reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Flitton v. Primary Residential Mortg., Inc.,* 614 F.3d 1173, 1178- 79(10th Cir. 2010)(*quoting Hensley v. Eckerhart*, *supra*, 461 U.S. at 440). A "district court must make a qualitative assessment to determine what less-than-perfect results are 'excellent,' justifying full recovery, or to what extent plaintiffs 'limited success' should effect a reduction in the lodestar." *Jane L. v. Bangerter,* 61 F.3d 1505, 1511 (10th Cir. 1995)(*quoting Hensley v. Eckerhart*, *supra*, 461 U.S. at 436).

As argued by Sun, although its possible damages were significantly reduced when its lost profits and bonding capability was dismissed on summary judgment, it was still substantially successful. Following dismissal of the lost profits claim, Sun sought approximately $6.5 million in damages at trial, of which it was awarded over $4.1 million by the jury and was subsequently awarded prejudgment interest of approximately $737,000 by the Court and, in addition, successfully defended against the Joint Venture's counterclaim seeking $4.6 million dollars in damages. I agree that Sun's results in this case were sufficiently successful to avoid a reduction

of the reasonable amount of fees requested.

The Joint Venture also asserts that Sun's fees are unreasonable because the amount requested includes fees for time spent in another lawsuit with its surety, F&D.  Specifically, the Joint Venture claims that approximately $32,000 of the fees sought by Sun were for time incurred on a separate state court action between Sun and F&D, or for other "general communication or negotiations with F&D."  In response, Sun maintain that the billings related to the state court action were usually strategic discussions related to this action and, in many instances, dealt with the damages claimed by F&D against Sun in F&D's claim in this matter.

In its briefing, the Joint Venture provides three examples for billing entries in support of its claim:  1) Time entry for 11/12/2009, $910 ("Meeting with RHM in preparation for meeting with Vince and Patrick. Meeting with JCC regarding fee agreement. Review pretrial order in preparation for tomorrow's pretrial conference in Colorado Springs. Meeting with Vince and Patrick");  2) Time entry for December 8, 2008, $468 ("Prepare for meeting with Surety"); 3) Time entry for March 6, 2008, $182 ("Telephone call with Vince Wegher, JCC and RHM regarding standstill agreement; inspections, cooperation of surety").   At the hearing on this matter, counsel for the Joint Venture argued that $32,000 in attorney time appeared to be related to the state court case, and that the billing records of that time were not meticulously kept in order to ascertain otherwise.

In response, counsel for Sun argued that the Joint Venture misinterpreted the references in the billing statements to the state court case which, in reality, consisted of "strategy sessions" with F&B's counsel related to this case and that even if the time or billing records somehow related to the state court matter, they were incurred as a "direct result" of the Joint Venture's

conduct and, as such, were still awardable to Sun.

I conclude, however, that Sun's argument is too attenuated and, as such, it did not meet its burden of proving the reasonableness of the fees that the Joint Venture argues were related to the state court action.  *See Westar Energy v. Lake, supra*, 552 F.3d at 1249 (ruling that when the contract provides that attorney fees must be "reasonable," the burden remains with party seeking the award).  As such, I will reduce the amount of the reasonable attorney fees requested by Sun in the amount of $32,000.

## IV. CONCLUSION

I agree with Sun and its expert that the fees requested are reasonable given the complexity of the case, the number of parties involved, the relationships between those parties, the time expended, and the hourly rates charged.  My review and consideration of the case record, the billing records and oral arguments of counsel leads me to the conclusion that the attorney fees sought by Sun in this case are reasonable and equitable.  However, I also agree with the Joint Venture that Sun failed to meet its burden to prove that $32,000 of those fees – which allegedly appeared to be related to a different lawsuit in state court – were actually incurred in this matter.

ACCORDINGLY, I AWARD Plaintiff, Sun Construction Company, Inc. ("Sun"), the

amount of $535,216.62 – pursuant to Paragraph 39 of the parties' subcontract – for its

reasonable attorney fees incurred in this matter against Defendants, Torix General Contractors,

LLC. and  St. Andrews/Alliance Joint Venture (the "Joint Venture").

Dated: August    18   , 2011.

BY THE COURT:

        s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE